# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

ROBERT BINGHAM                                                            PLAINTIFF

VS.                                    CIVIL ACTION NO. 2:09cv118-KS-MTP

CITY OF LAUREL, et al.                                      DEFENDANTS

## OMNIBUS ORDER AND ORDER ON MOTIONS

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on March 26, 2010. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Vic Smith. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

### 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time the claims in this action arose, Plaintiff was in the process of being arrested by officers of the City of Laurel police department.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3]

Plaintiff claims that on July 22, 2006, at approximately 1:00 a.m. he went to the Texaco

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is not currently incarcerated.

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

gas station on Chantilly Street in Laurel, Mississippi and purchased cigarettes, sweet cakes and milk. After he made his purchase he went outside and was standing on the sidewalk waiting for a ride home. Plaintiff claims that two security guards, who were already outside dealing with another customer, asked him why he was standing there, and he told them that he was waiting for a ride. According to Plaintiff, the security guards replied that they would get him a ride and they called the police. Police officers Brian Buxton and Lance Williams then arrived on the scene and asked the security guards what the problem was, and they told the officers that Plaintiff had been loud. At this point, Plaintiff claims that Officer Williams sprayed him in the face, temporarily blinding him. Plaintiff also claims that he was then choked and kicked.[4] Plaintiff avers that he was not doing anything wrong and was assaulted for no reason. As a result of the alleged assault, Plaintiff claims that he suffered a broken nose and damage to his left hip, for which he needs surgery. Plaintiff was arrested for disorderly conduct, public drunkenness and resisting arrest, and remained in jail for approximately ten days before the charges were ultimately dismissed.

Based on the foregoing, Plaintiff asserts a claim for excessive force, as well as malicious prosecution, against Officers Williams and Buxton and the City of Laurel. At the hearing, Plaintiff explained that the reason he sued the City of Laurel is because it hired the officers and, therefore, is responsible for their actions. He seeks $2 million in compensatory damages.

## 2. DISCOVERY ISSUES

Within thirty days, Defendants shall produce to Plaintiff: a copy of the court file relating to the charges stemming from the incident at issue herein; and a copy of an audio or video recording of the incident at issue herein, to the extent such recording is in Defendants' possession, custody or control. If Defendants obtain any of Plaintiff's medical records, they shall

---

[4] Plaintiff was not sure who choked and kicked him, since he claims that he could not see at that point.

provide a copy to Plaintiff within thirty days of their receipt. If the parties are aware of any witnesses to the incident, they shall provide their names and addresses within thirty days.

Plaintiff shall designate his expert witness(es), if any, by May 26, 2010. Defendants shall designate their expert witness(es), if any, by June 26, 2010. Each side may take up to three depositions. The discovery deadline is July 26, 2010.

### 3. PENDING MOTIONS

Plaintiff's Motion [11] for Summary Judgment is denied as premature and not properly supported with appropriate evidentiary materials, as set forth during the hearing.

Plaintiff's Motion [12] to Amend/Correct his Complaint to add a claim of malicious prosecution is granted. Plaintiff need not file any additional pleadings, as his Complaint [1] is deemed amended as set forth in the Motion [12].[5]

### 4. MOTIONS DEADLINE AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is August 16, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1.	Within thirty days, Defendant shall produce to Plaintiff: copy of the court file relating to the charges stemming from the incident at issue herein; and a copy of an audio or video recording of the incident at issue herein, to the extent such recording is in Defendants' possession, custody or control. If Defendants obtain any of Plaintiff's medical records, they shall provide a copy to Plaintiff within thirty days of their receipt. If the parties are aware of any

---

[5] Plaintiff indicated at the hearing that he wishes to add the gas station security guards as defendants. If Plaintiff intends to add these defendants, he shall provide the court with their names, addresses, and a statement of his claim(s) against them within thirty days.

witnesses to the incident, they shall provide their names and addresses within thirty days.

     2.     Plaintiff shall designate his expert witness(es), if any, by May 26, 2010. Defendants shall designate their expert witness(es), if any, by June 26, 2010. Each may take up to three depositions. The discovery deadline is July 26, 2010.

     3.     Plaintiff's Motion [11] for Summary Judgment is denied. Plaintiff's Motion [12] to Amend/Correct his Complaint is granted.

     4.     If Plaintiff intends to add any additional defendants to this action, he shall provide the court with their names, addresses, and a statement of his claim(s) against them within thirty days.

     5.     The deadline for the filing of motions (other than motions *in limine*) is August 16, 2010.

     6.     This order may be amended only by a showing of good cause.

     7.     Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

     SO ORDERED on this the 29th day of March, 2010.

                                       s/ Michael T. Parker
                                       United States Magistrate Judge