IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ROBERT B. BINGHAM**             **PLAINTIFF**

v.            **CIVIL ACTION NO. 2:09cv118-MTP**

**CITY OF LAUREL, BRIAN BUXTON,**           **DEFENDANTS**
**AND LANCE WILLIAMS**

### ORDER

This Court conducted a pretrial conference on May 26, 2011 resulting in the entry of a [36] Pretrial Order. That order includes a witness list supplied by the parties. Plaintiff has requested the Court to issue and serve subpoenas to two of the witnesses Plaintiff seeks to call to testify at trial. Plaintiff was advised that the correct addresses for these witnesses are essential in order to effect service of the subpoenas.

However, while 28 U.S.C. § 1915(a) empowers the district court to authorize commencement of a civil action without prepayment of costs by a person unable to pay such costs, the Court is not authorized to waive the payment of statutory witness fees and expenses required by 28 U. S. C. § 1821(a)(1). *Hodge v. Prince*, 730 F. Supp. 747, 750 (N.D. Texas 1990), *aff'd*, 923 F.2d 853 (5th Cir. 1991). *See also* L. U. Civ. R. 45(b) ("Tender of the witness fee and mileage is required even if the party requesting the subpoena (except in habeas corpus cases and proceedings under 28 U.S.C. § 2255) has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915, because, with those exceptions, no public funds are available for that purpose.").

Therefore, the Court will direct the U. S. Marshal's Service to serve subpoenas issued by the Clerk of Court to two of Plaintiff's witnesses who do not choose to voluntarily appear to

testify at trial, but the Court further advises Plaintiff that he is responsible for the payment of statutory witness fees and expenses required by 28 U.S.C. § 1821(a)(1).  Any witness who does not waive the payment of the witness attendance fees and expenses and declines to voluntarily appear at trial must be tendered the fees and expenses required by statute before the Court may compel the attendance of such witnesses to appear at trial.  *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.").

By the Court's calculations, these fees and expenses total $72.64 for each witness ($40.00 witness fee for each[1] and $32.64 each for mileage[2]).  Therefore, Plaintiff shall tender to the Clerk of Court two separate money orders, one made payable to Barbra Jackson in the amount of $72.64 and one made payable to Bobbie Magee in the amount of $72.64, in order to issue and serve subpoenas for their attendance at trial.  Until Plaintiff makes the required tender to the Clerk of Court, the Court will not authorize the issuance and service of the subpoenas referenced herein.

Further, it appears that the addresses for witnesses Jackson and Magee may be incomplete or abbreviated.  Plaintiff shall carefully review these addresses and will be given an opportunity to provide to the Court in writing any additional information regarding these witnesses' addresses.  The addresses as provided are as follows:

---

[1] This is the rate prescribed by 28 U.S.C. § 1821(b); trial of this case is estimated to take one day.

[2] Calculated at 64 miles round trip for each at $.51 per mile, the current standard mileage rate set by law.

>Barbra Jackson
>525 Miss Dr.
>Laurel, MS 39440
>
>Bobbie Magee
>Apt. # B14
>Long Oaks Dr.
>Laurel, MS 39443

Once again, if the Court ultimately directs the issuance and service of these subpoenas, it is incumbent that the correct locations of these witnesses for the purpose of service is provided. It is Plaintiff's responsibility to provide correct information, and his failure to do so may result in the inability to effect service and obtain these witnesses' attendance at trial.

Finally, the Clerk's office attempted to contact Plaintiff at the phone number shown on the docket sheet and provided in the [36] Pretrial Order. The Clerk's office received a recording indicating that the number given has been disconnected and is no longer in service. Plaintiff shall provide to the Court in writing a current phone number where he may be reached.

Plaintiff shall immediately respond to all matters addressed in this order in writing so as not to delay the trial of this cause of action.

**SO ORDERED** this the 27th day of May, 2011.

>s/Michael T. Parker
>United States Magistrate Judge